José S. Belaval, Plaintiff and Appellant, *v.* Gonzalo Fernós, Defendant and Appellee.

No. 6988. Argued April 1, 1936.—Decided January 12, 1937.

Edgar S. Belaval for appellant.  Dubón & Ochoteco for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is an action of denial of servitude.  The plaintiff is the owner of a lot in Santurce upon which he has constructed a house; and the defendant is the owner of another lot adjoining plaintiff's lot on one side.  The defendant built a house on his lot, attaching to the house a *porte cochere* which extends to the boundary line between the two lots.

When the complaint was filed, the north end of the *porte cochere* was formed by an open arch approximately one meter 91 centimeters in height, by two meters 86 centimeters in width.  Some days before the trial this arch was completely filled with concrete.

On the east and west sides there were and are openings approximately three meters high by two meters 86 centimeters wide, beginning at a distance of less than 60 centimeters from the boundary line between the two lots.

The East side opens on a street, and the West, toward the rear of the defendant's lot.

The South side is the North wall of the defendant's house.

The roof of the *porte cochere* is of concrete, flat, and is surrounded by a parapet 90 centimeters high.  On the south side it is separated from a terrace on the second story of the defendant's house by a wall 90 centimeters high by 53 centimeters in width.

The plaintiff maintained and maintains that the foregoing facts show that the defendant's construction receives light from a lot and has a view over his lot contrary to law, and prays for judgment ordering the defendant to close the open-

ing on the south side of the *porte cochere,* reducing its size to 30 square centimeters with iron bars affixed to the wall and ordering a reduction of the openings on the east and west so that they are 60 centimeters from the boundary line between the properties. That is with respect to the lower story. As to the roof, he asks that the defendant be ordered to raise to the height of the beams of the second floor of his house not only the parapet of the *porte cochere* on the north side and six centimeters on the east and west, but also the wall separating the *porte cochere* from the terrace.

In his answer the defendant consented to judgment ordering him to close the opening on the north side of the *porte cochere,* but objected to the balance of the plaintiff's prayer. Both parties asked for an award of costs, disbursements and attorney's fees against the opposite party.

The court dismissed the complaint, without special award of costs. Its judgment was based upon the following opinion:

"The question for decision in this case is whether the *porte cochere,* as it now exists, creates a servitude for light and view over the plaintiff's property.

"The plaintiff bases his action on Section 518 of the Civil Code (Ed. 1930), which reads literally as follows:

" 'Sec. 518.—Windows with direct view, or balconies or any similar openings projecting over the tenement of a neighbor shall not be made if there is not a distance of two meters between the wall in which they are built and the said property.

" 'Neither can side or oblique views be opened over the said property, unless there be a distance of sixty centimeters.'

"As we have said above, the arch in the *porte cochere* which opens upon the property of the plaintiff has been completely closed so that there is no question whatever with respect to a direct view. Similarly, there can be no question with respect to side or oblique views since the arches of the *porte cochere* cannot be characterized as windows, balconies or other similar projections, according to the decision of our Supreme Court in the case of *Rabell* v. *Rodríguez, et al.,* 24 P.R.R. 526, subsequently affirmed in the case of *Rodríguez* v. *Colón,* 34 P.R.R. 74, in which it was again decided that doors are

not included within the provisions of Section 589 of the revised Civil Code (Section 518 of the 1930 edition) with respect to windows, balconies and other similar projections. The arches opening to the east and to the west in the *porte cochere* are opened from the ground in such a way as to permit the passage of an automobile and partake rather of the nature of a door than of a window.

"It remains for us now to consider whether the roof of the *porte cochere* may be considered as a balcony. There is no doubt whatever that it is, in view of the fact that a parapet 90 centimeters in height has been placed around the roof of the *porte cochere*, which has the effect of making it a balcony, according to Manresa and to the judgment of the Supreme Court of Spain on June 6, 1892:

" 'In our judgment a distinction must be made between roofs and terraces having balustrades and those without; if they do not have a balustrade, Section 582 does not apply; if they do have, it does, since that section speaks of balconies, and a terrace may serve as such. The Supreme Court has so held in its judgment of June 6, 1892, in holding that the provisions of Section 582 are applicable in the case of a terrace or roof which, by reason of its extent and height, is equivalent to a balcony.' 4 Manresa, Commentaries on the Civil Code (Ed. 1910) 778.

"Since the roof of the *porte cochere* is a balcony for the purposes of Section 518 (Ed. 1930), we must now decide whether the fact that a wall 90 centimeters in height by 53 centimeters in width has been constructed, separating it from the rest of the house, deprives it of the character of a balcony and converts it into a simple roof and thus excludes it from the prohibitions of Section 518 of the Civil Code.

"Since the roof of the *porte cochere* has no communication with the balcony or terrace properly speaking, that roof, on account of its small extent, cannot fulfill the function of a balcony. It is true that one might cross over the wall and get upon the roof of the *porte cochere*, but, aside from the fact that this could be done only with some difficulty, this does not make the roof a balcony, for the reason that it could not be used as such on account of its small size. It will be said that notwithstanding the dimensions of that roof, a person might place himself there and look over the property of the plaintiff, but this might also be done from any roof, and a servitude is not thus created. We believe, moreover, that since it is not an express provision of the law, but a result of judicial interpretation, that roofs surrounded by balustrades or parapets are considered to

be balconies, such doctrine ought to be strictly interpreted, particularly when that interpretation is rejected by commentators as important as Sánchez Román, and for the additional reason that it constitutes a limitation upon property rights.

"We have said nothing of the plants growing in the opening of the 90 centimeter wall which served to increase its height, for the reason that such plants are easily removable and ought not to be considered as obstacles to passage over the wall."

After a careful study of the case, we believe that the district court weighted the facts and applied the law in an effort to decide the matter justly.

We have no doubt that the arches in the *porte cochere*, permitting communication from the defendant's lot with the street, are not windows or balconies or other similar projections, and are not designed to obtain either side or oblique views of the adjoining property. If they are to be compared with anything, they must be, from the purpose which they evidently have, compared to doors, as did the district court, and consequently the restrictions of Section 518 of the Civil Code are not applicable.

In the case of *Rodríguez* v. *Colón*, 34 P.R.R. 78, this court, speaking through Mr. Justice Aldrey, expressed itself as follows:

"Section 589 of the Civil Code provides that windows with direct views, or balconies or any similar openings projecting over the tenement of a neighbor shall not be made if there is not a distance of two meters between the wall in which they are built and the said property. As this statute is prohibitive it must construed strictly; therefore, as it only prohibits windows with direct views, balconies or other similar openings, it can not be extended to include the doors opened in the lower story of the house, as the appellant maintains.

"In commenting on this statute, the equivalent of Section 582 of the Spanish Civil Code, Manresa expresses himself as follows:

" 'There have been discussions as to whether the provision is applicable to the opening of a door, that is, whether the owner of a building is bound by the provisions of Sections 582 and 583 in opening a door in his own wall and upon his own land, for instance, at a distance of one or one and a half meters. Section 582 has no

reference whatever to the opening of a door, whose object is not to give views. The jurisprudence of the French and Italian courts· has ·decided the question in the sense indicated.' 4 Manresa, 4th ed. 804.

"This Supreme Court held in the case of *Rabell* v. *Rodríguez*, 24 P.R.R. 526, that it was not the intention of the Legislature to include doors among windows, balconies and other similar projections enumerated in Section 589 of the Civil Code, for if so it would have said so clearly without leaving the matter to deduction.''

■ With respect to the roof of the *porte cochere*, and taking into consideration its connection with the terrace on the defendant's house, we recognize the force of the arguments of the appellee, and we still have doubt as to the conclusion reached by the district court. Nevertheless, we must recognize that the wall raised by the defendant himself, limiting the extent of his terrace, shows his intention not to pass further, and under the peculiar circumstances of the case, can and must be accepted as the most just and equitable solution of the problem.

As to the failure to allow costs to the defendant, it is sufficient to say that after a conscientious examination of the record, we do not feel warranted in holding that the district court did not make good use of its discretion.

The appeal must therefore be dismissed and the judgment appealed from affirmed in its entirety.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.